OSBORNE et al. v. HEYWARD et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. TRIAL—DECISION—SUFFICIENCY.
    Under Code Civ. Proc. § 1022, providing that the decision of the court, on a trial of the whole issue of fact, must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, a mere indorsement on the cover of the summons and complaint, "Judgment of foreclosure and sale, with deficiency judgment," is insufficient to support a final judgment.

2. MORTGAGES—TRANSFER OF PREMISES—RIGHTS OF MORTGAGOR—SURETYSHIP.
    Where a mortgagor conveys the premises subject to the mortgage, the grantee, though not assuming the debt, becomes the principal debtor, and the mortgagor the surety, to the extent of the value of the land, and, if the mortgagee refuses to foreclose when requested, the mortgagor is relieved from liability for a subsequent deficiency resulting from the mortgagee's delay.

Appeal from special term, Queens county.

Action by Charles W. Osborne and another, as executors of the will of Peter P. Schoonmaker, deceased, against Josephine M. Heyward and another, impleaded with Louis S. Miller, to foreclose a mortgage. From a part of the judgment adjudging that Josephine M. Heyward and Charles P. Heyward pay the deficiency, they appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles E. Sentell, for appellants.
Gerrit Smith, for respondents.

WILLARD BARTLETT, J.   There is no decision in this case such
as the Code requires upon the trial of issues of fact.   The so-called
decision, printed in the appeal book, is the copy of an indorsement
on the cover of the summons and complaint, in these words:   "Judg-
ment of foreclosure and sale, with deficiency judgment.   W. D. D., J.
S. C."   This is neither a decision stating concisely the grounds upon
which the issues have been decided, and directing the judgment to be
entered thereon, as prescribed in section 1022 of the Code of Civil
Procedure, nor is it a decision stating separately the facts found and
the conclusions of law.   Hence it affords no basis for the judgment
which was subsequently entered.   It has repeatedly been adjudged
by the appellate division that a final judgment determining issues
cannot be upheld in the absence of the findings or formal decision re-
quired by section 1022 of the Code, and the omission is fatal to the
judgment in the case at bar.   Under such circumstances, it has been
our practice merely to reverse the judgment, and remit the case to
the court below, in order that the statutory findings or decision may
be made and filed.   Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp.
304, followed in Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp.
992.   In the present case, however, we deem it best to order a new
trial, inasmuch as we think a different conclusion was required as
to the liability of the appellants, if the learned trial judge believed
the uncontradicted testimony in their behalf as to the depreciation in
the value of the mortgaged property.   The appellants insist that they
are relieved from liability for any deficiency which may arise upon
the sale of the mortgaged premises, by reason of the fact that when
the mortgage became due, and the property was worth enough to
pay it in full, the plaintiffs neglected to take any proceedings to col-
lect it, although the appellants then expressly notified and requested
them so to do.   The bond and mortgage for $2,500 were executed
and delivered by the appellants to the plaintiffs' testator in 1888,
and became due in 1893.   The appellants conveyed the mortgaged
premises in 1889 to one Matilda Sanders, subject to the mortgage,
which, however, was not assumed by their grantee.   In September,
1895, they notified the plaintiffs to collect the amount of the bond
and mortgage.   One of the appellants, who was a real-estate broker,
testified that the market value of the property in that year was from
$3,200 to $3,500, while its value at the time of the trial was from
$2,000 to $2,200.   The plaintiffs introduced no evidence whatever
upon the question of value.   If the opinion evidence in behalf of the
appellants on this subject is correct, and their request to the plain-
tiffs in 1895 to proceed to collect the mortgage was clear and ex-
plicit, it would seem that they were relieved from any liability for
the deficiency.   By the conveyance subject to the mortgage, the land
became the primary fund for the payment of the mortgage debt.   The
grantee of the land subject to the mortgage, although not in a strict
sense the principal debtor, has been held to stand in that relation to
the land to the extent of its value.   Murray v. Marshall, 94 N. Y. 611.
The case cited overrules Penfield v. Goodrich, 10 Hun, 41, so far as
that decided that the mortgagor and grantor remained the principal
debtor, and that the grantee became such only when he covenanted

to pay the mortgage debt, and assumed it as a personal liability. It follows that the appellants, who had conveyed the property subject to the payment of this mortgage, occupied the position of sureties to the extent and value of the land, and were entitled to the rights of sureties. Spencer v. Spencer, 95 N. Y. 353. In this respect their legal status was no different from what it would have been if the grantee of the premises had personally assumed payment of the mortgage debt. In such cases, the rule is settled that the neglect of the mortgagee to proceed to foreclose the mortgage and collect his debt, when duly requested to do so, will relieve the mortgagor from liability for any subsequent deficiency, if it appears that the whole debt would have been collected out of the land by compliance with his request, but has become uncollectible therefrom on account of the delay. Thom. Mortg. (2d Ed.) §§ 221–224; Remsen v. Beekman, 25 N. Y. 552; Russell v. Weinberg, 4 Abb. N. C. 139; and see Hunt v. Purdy, 82 N. Y. 486.

Judgment reversed, and new trial granted, costs to abide the final award of costs. All concur.