### COHN v. SPITZER et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1911.)

1. MORTGAGES (§ 283*)—CONVEYANCE OF PROPERTY—LIABILITY OF MORTGAGOR FOR DEBT.

One who originally mortgaged real estate to secure a loan, after transferring the land to grantees who did not assume payment of the debt, stands in the relation of a surety for the payment of the mortgage debt; the land being the primary fund for the payment.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756–758; Dec. Dig. § 283.*]

2. PRINCIPAL AND SURETY (§ 104*)—DISCHARGE OF SURETY—EXTENSION OF TIME OF PAYMENT.

A valid agreement between a creditor and principal debtor, extending the time of payment without the consent of a surety, discharges him: but an extension of the time of payment of one or more installments of a debt does not discharge a surety as to payments not yet matured and not included in the extension.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 186–190, 193–195, 197–199; Dec. Dig. § 104.*]

3. MORTGAGES (§ 283*)—DISCHARGE OF MORTGAGOR—EXTENSION OF TIME OF PAYMENT.

Where a mortgage and bond provided for the payment of certain installments, all of which matured before 1910, when the balance became due, and further provided that upon nonpayment of any installment the whole principal and interest should, at the option of the mortgagee, become due and payable, and the mortgagor before maturity transferred the land, and the grantee secured an extension of time of payment of the installments, but not of the balance, the original mortgagor was discharged only with respect to the installments; for, while there was an extension as to them, there was none as to the balance, and the provision that the whole might become due upon payment of any installment was solely for the benefit of the mortgagee, and the mortgagor could not insist that the mortgagee exercise this option, as he could not be compelled to accept payment until maturity.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756–758; Dec. Dig. § 283.*]

Appeal from Trial Term, Erie County.

Action by Pincus Cohn against Daniel Spitzer and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Alexander Pfeiffer, for appellants.
William F. Wierling, for respondent.

SPRING, J. The action is one at law to recover a balance unpaid on a bond given by the defendants on August 1, 1905, to the Beacon-

---

field Realty Company, for the sum of $1,378 and interest thereon, and the facts were stipulated upon the trial. The principal sum was payable in semiannual installments of $100 each, extending to the 1st of February 1910, when the balance of $578 became due. The bond contained the condition that if default be made in the payment of any installment of the principal or of the interest, and remain unpaid for 20 days, the whole principal and arrearages of interest "should, at the option of said obligee, its legal representatives or assigns, become and be due and payable immediately thereafter." The bond was accompanied by a mortgage, containing the same conditions as the bond, on real estate in the city of New York, upon which there was a prior mortgage of $9,000. The plaintiff became by assignment the owner of the bond and mortgage on February 10, 1906. The defendants conveyed the premises, and the title was finally vested in one Cecilia Ferrari, as executrix. None of the grantees assumed the payment of the bond and mortgage in suit.

On the 6th of June, 1907, there was unpaid on the principal of the bond and mortgage the sum of $1,078, when an agreement was entered into between the plaintiff and Mrs. Ferrari, the owner of the fee of the land, whereby for a valuable consideration the payment of the unpaid installments was extended until February 10, 1910, the date of the maturity of the unpaid principal sum of $578. This extension was made without the knowledge of the defendants. At that time the value of the premises exceeded the amount of the two mortgage liens, including the unpaid interest thereon. The stipulation does not state its value at the time the first installment fell due after the making of the agreement. In the early part of 1909 the first mortgage was foreclosed and the land sold, and there was no surplus to apply on the bond in suit. The defendants claim that the effect of the extension of the time of payment of the semiannual installments was to release them wholly from their liability as obligors on the bond. The trial court held that they were released as to the payments which were extended, but not as to the balance of the principal sum maturing the 10th day of February, 1910, and the payment of which was not affected by the agreement of extension.

[1] The defendants technically are not sureties, but original obligors; yet, as the land was the primary fund for the payment of the mortgage debt, they are entitled to be treated as sureties, even though the payment of the indebtedness was not assumed by any of their grantees. Murray et al. v. Marshall, 94 N. Y. 611; Wiemer v. Boehm, 126 App. Div. 703, 707, 111 N. Y. Supp. 126, et seq.

[2] It is elementary that a valid agreement between the creditor and the principal debtor, extending the time of payment of an indebtedness, without the consent of the surety, discharges the latter. It is also a rule of general application that the extension of the time of payment of one or more installments of the principal does not discharge the surety as to unmatured payments and which are not included in the extension agreement. Coe v. Cassidy, 72 N. Y. 133, 137; Ducker et al. v. Rapp, 67 N. Y. 464, 474; Kingsbury v. Williams, 53 Barb. 142;

Lowman v. Yates, 37 N. Y. 601; Klein v. Long, 27 App. Div. 158, 50 N. Y. Supp. 419.

[3] The counsel for the appellants, without impugning this principle, claims that it is not applicable to the present case, for the reason that the defendants had the right to insist upon the foreclosure of the mortgage or the enforcement of the indebtedness upon the failure to pay any installment as it fell due, and in case of payment by them they would be subrogated to the rights of the plaintiff. If no extension agreement had been made, the defendants, possibly, in case a maturing installment was not paid, might have insisted that the same be collected by foreclosure or by action on the bond; and in case of failure to comply with the request, the defendants would be exonerated of liability as sureties to the extent of the installment. Remsen v. Beekman, 25 N. Y. 552; Osborne v. Heyward, 40 App. Div. 78, 57 N. Y. Supp. 542; Gottschalk v. Jungmann, 78 App. Div. 171, 79 N. Y. Supp. 551. The principle is not sufficiently comprehensive to permit the defendants to require the plaintiff to treat the whole mortgage debt as due when an installment falls due. The option clause in the bond and mortgage was exclusively for the benefit of the obligee or its assignee. Thomas on Mortgages (2d Ed.) § 229; Jones on Mortgages (6th Ed.) vol. 2, § 1183a; Lowenstein v. Phelan, 17 Neb. 429, 22 N. W. 561.

The defendants, by conveying the mortgaged premises, were not placed in a position where the terms of the bond were changed to their benefit and to the detriment of the plaintiff. He might prefer to hold his bond and mortgage until the installments matured. This was his privilege certainly against these obligors. By nothing less than satisfaction of the entire indebtedness could the defendants have been subrogated to the rights of the plaintiff in the mortgage security. Jones on Mortgages (6th Ed.) § 885b. The debt was not wholly due until February 10, 1910, and they could not compel the plaintiff to accept payment in full until that date. The defendants have received the full measure of relief to which they are entitled, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.