I. J. COOPER RUBBER CO. *v.* J. T. JOHNSON *et al.*

(*Nashville.* December Term, 1915.)

1. CORPORATIONS. Foreign corporations. "Doing business." "Factor." "Commission merchant."

A foreign corporation, which consigned tires for sale to a company handling automobile accessories in the State, was not "doing business" within the State to render necessary compliance with the foreign corporation act as a condition precedent to its right to recover of the sureties on the bond of the consignee, since the business of a "factor" or "commission merchant," synonymous terms, meaning one whose business is to receive and sell goods for commission, is not the conduct of an agency or business for the consignor of the goods sold where the factor picks customers at his own risk and the consignor does not exclusively own the proceeds. (*Post, pp.* 564-567.)

Case cited and approved: Gunn v. White Sewing Machine Co., 57 Ark., 24.

Cases cited and disapproved: Com. v. Parlin, 118 Ky., 168; Hessig-Ellis Drug Co. v. Sly, 83 Kan., 60; Stein Double Cushion Tire Co. v. Wm. Fulton Co. (Tex. Civ. App.), 159 S. W., 1013; Sucker State Drill Co. v. Wirtz, 17 N. D., 313; Harrell v. Peters Cartridge Co., 44 L. R. A. (N. D.), 1094.

Cases cited and distinguished: Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed., 1; Allen v. Tyson-Jones Buggy Co., 91 Tex., 22.

2. CORPORATIONS. Foreign corporations. Doing business.

The requirement of a contract between a foreign rubber company and a local company selling tires for the rubber company on commission that the local company should keep the goods insured in the name of the rubber company did not constitute the local company a business agency of the rubber company so to render the latter subject to laws relating to doing business in the State. (*Post, pp.* 567, 568.)

I. J. Cooper Rubber Co. v. Johnson.

Cases cited and approved:  Wasey v. Whitcomb, 167 Mich., 58; . Three States Buggy, etc., Co. v. Com., 32 Ky. Law Rep., 385; Sturm v. Boker, 150 U. S., 312.

3. CORPORATIONS. Foreign corporations. "Doing business."

The provision of the contract for the sale on commission of automobile tires consigned to an automobile accessories company in the State by a foreign rubber company that the former should make adjustments necessary under the selling guaranty out of the latter's stock in its hands did not render the rubber company subject to laws relating to engaging in business within the State. (*Post, pp.* 568, 569.)

4. PRINCIPAL AND SURETY. Release of surety. Extension of time for payment.

Where a company received tires for sale on consignment from a rubber company, the contract providing that monthly remittances of the proceeds of sales should be made in cash, the fact that the company was permitted to fall behind in its payments, and the rubber company accepted a note for a month's sales payable in thirty days, did not release the surety on the consignee's bond, except as to the payment covered by the note, since, if a surety is liable for different payments, an extension of time as to one or more will not affect his liability for others. (*Post, pp.* 569, 570.)

Cases cited and approved:  Klein v. Long, 27 App. Div., 158; Cohn v. Spitzer, 145 App. Div., 104; Shepard Land Co. v. Banigan, 36 R. I., 25.

5. PRINCIPAL AND SURETY. Release of surety. Extension of time for payment.

Where successive payments are to be made at fixed periods, if the creditor gives time as to one of such payments, he will release the surety as to it. (*Post, pp.* 569, 570.)

---

FROM DAVIDSON

---

Appeal from the Chancery Court of Davidson County.—John Allison, Chancellor.

F. M. Bass and E. J. Walsh, for appellant.

Clarence T. Boyd, for appellees.

· Mr. Justice Williams delivered the opinion of the Court.

This suit was instituted by the Cooper Rubber Company, an Ohio corporation, to recover of Johnson and Tinsley, as sureties on a bond executed by the Standard Vulcanizing & Tire Company (called the tire company in this opinion), as principal.

The tire company was engaged in handling automobile accessories in Nashville, and entered into a contract with the rubber company by the terms of which the latter agreed to consign to the former tires, etc., for a designated period. On account of its lack of financial ability or standing, the tire company was required to execute a bond to save harmless the rubber company in respect of a breach of the contract by the tire company.

The first and main defense of the sureties is that the complainant rubber company had not complied with our foreign corporation acts, and was doing business in this State through the agency of the tire company; therefore that it may not maintain the suit because of the failure to so comply. This defense was sustained by the chancellor.

The contract between the two companies is in character one of consignment of merchandise for sale, unless one or more of its provisions later to be set out, relied

on by appellee as so doing, mark it as one governing the parties as principal and agent—the tire company as agent through which the rubber company did business in this State.

A contract quite similar as to the main provisions was involved in the case of *Butler Bros. Shoe Co.* v. *U. S. Rubber Co.,* 156 Fed., 1, 84 C. C. A., 167, writ denied 212 U. S. 557, 29 Sup. Ct., 686, 53 L. Ed., 658, in the court of appeals of the eighth circuit. In reply to the same defense that is here interposed—that the plaintiff rubber company had never qualified to do business in the state of Colorado, and that it could not therefore maintain suit in that State—the court said:

"It (the foreign corporation) agreed to ship the goods from its warehouse, or its mill, upon the orders of the appellee, to that company in Denver; and it did so. It contracted to do, and it did nothing more. It never had any office or place of business in Colorado. It never received, stored, handled, or sold any goods, or collected any money for the sales of any goods, in that State under this contract. It never incurred, assumed, or paid any expenses of doing all these things, or of conducting any of the business. The shoe company had and maintained a place of business in Colorado, it rented or owned the place in which the business in Colorado was done, and it agreed to bear all the expenses and losses of receiving, storing, and selling the goods, and it did so. The purchasers of the goods were purchasers from it, solicited and secured by it. They were

its customers, and liable to it for the purchase price of
the goods. . . . The rubber company did not
agree to do, and did not actually do, any of the business
of receiving, storing, and selling the goods in Colorado.
The shoe company did agree to do, and did do, that
business. These facts have driven our minds with
compelling force to the conclusion that, within the true
intent and meaning of the Constitution and statutes of
Colorado, the rubber company was not doing business
in that State, and the contracts between these litigants
are valid and enforceable."

Among other cases cited on the point in the opinion
just quoted from are *Allen* v. *Tyson-Jones Buggy Co.*,
91 Tex., 22, 40 S. W., 393, 714, and *Gunn* v. *White Sew-
ing Machine Co.*, 57 Ark., 24, 20 S. W., 591, 18 L. R. A.,
206, 38 Am. St. Rep., 223, and cited for disapproval is
the contrary ruling in *Com* v. *Parlin*, 118 Ky., 168, 80
S. W., 791. See, also, the later cases of *Hessig-Ellis
Drug Co.* v. *Sly*, 83 Kan., 60, 109 Pac., 770, Ann. Cas.,
1912A, 551; *Stein Double Cushion Tire Co.* v. *Wm. Ful-
ton Co.* (Tex. Civ. App.), 159 S. W., 1013; *Sucker State
Drill Co.* v. *Wirtz*, 17 N. D., 313, 115 N. W., 844, 18 L.
R. A. (N. S), 135, and note; and note to *Harrell* v.
*Peters Cartridge Co.*, 44 L. R. A. (N. S.), 1094.

In *Allen* v. *Tyson-Jones Buggy Co.*, supra, in speak-
ing of such a foreign corporation's status to maintain
suit, it was said:

"The business which it transacted, as shown by the
allegations, was to enter into a contract with the com-
mission merchants to sell its buggies and phaetons on

commission. . . . The selling of the buggies and phaetons, which was to be done by the commission merchants, was not a business done or carried on by the corporation. It was the business of the commission merchants themselves.''

The terms ''factor'' and ''commission merchants'' are said to be nearly or quite synonymous; the former expression being more common in the language of the law, and the latter in the language of commerce. A ''factor'' is one whose business it is to receive and sell goods for a commission, being intrusted with the possession of the goods to be sold, and usually selling in his own name. 1 Mechem on Agency, secs. 74, 2497, *et seq.*

While in one sense a factor or commission merchant is the agent of the consigning dealer or manufacturer, he does not conduct an agency or business for the latter at the place of business of the former, where the sales of the consigned merchandise are made to customers chosen by the local dealer, at his own risk, and the proceeds of the sale do not become the exclusive property of the consigning company. A business so conducted is truly said to be that of the factor or commission merchant.

A provision of the contract pointed to by appellee sureties as showing a doing of business in the State is one which makes it the duty of the tire company to insure the goods in its hands, as follows:

''Third. It is mutually agreed that the second party shall at all times cause the said merchandise in its

possession to be, to the satisfaction of the first party, insured against fire in the name of the first party, to an amount not less than eighty per cent. of the value of said merchandise. It is further understood that the policies covering such insurance shall be made payable to, and deposited with, the first party, and that the cost of this insurance shall be borne by the second party.''

The incorporation of similar clauses in contracts of consignment is not unusual, and it has been held that it does not have the effect claimed by appellee, to constitute the local dealer a business agency of the foreign corporation; the latter therefore to be treated as doing business in the State. *Wasey* v. *Whitcomb,* 167 Mich.,· 58, 132 N. W., 572; *Three States Buggy etc., Co.* v. *Com.,* 32 Ky. Law Rep., 385, 105 S. W., 971; *Sturm* v. *Boker,* 150 U. S., 312, 14 Sup. Ct., 99, 37 L. Ed., 1093.

The power to insure the goods placed in his hands is one of the ordinary powers of a factor or of one selling on commission, imposable by contract or usage on the factor as such. 1 Mechem on Agency (2d Ed.), sec. 2521; 12 Am. & Eng. Enc. L. (2d Ed.), 656; *Wasey* v. *Whitcomb,* supra. Manifestly the provision had relation to and was in furtherance of the duty to care for, and in certain circumstances to return, the goods. The cost of the insurance was to be paid by the local dealer, not by the rubber company through it.

It is next said that the following contract provision works the result contended for:

''Eleventh. The second party agrees to, in behalf of the first party, make all adjustments with reference to

sale of merchandise covered by this contract that may be necessary under the guaranty under which said merchandise was sold, in accordance with written instructions given to the second party by the first party from time to time; said adjustments to be made out of stock of tires, casings, and tubes belonging to the first party, and in possession of the second party, when necessary.''

These adjustments, we understand, are those required to be made to satisfy the ultimate consumer in respect of and under the guaranty of the quality of the merchandise. The guaranty aided the local dealer in selling the goods and this provision but enabled the latter to keep faith with his customer. Anything so done may be treated as an incident of the local dealer's business. We fail to see how it brought the rubber company within the purview of the statute as the possessor of goods within this State for the purpose of barter or sale, or constituted the tire company an agency for that purpose.

Another and distinct defense of appellees, sustained by the chancellor, was: That the rubber company had agreed with the tire company on a material change in the contract without their consent, with the result that as guarantors, or sureties on the bond, they were released from liability. It is insisted that, while the contract provided that monthly remittances should be made in cash, the tire company was permitted to fall behind in its payments, and that the rubber company accepted a note for one month's sales from the tire

company, payable in thirty days, thus extending the time and operating a release of the sureties. This defense cannot be sustained.

"If a surety is liable for different payments, such as installments of rent, an extension of time as to one or more will not affect the liability of the surety for others." 32 Cyc., 196.

When successive payments are to be made, at fixed periods, if the creditor gives time as to one of such payments he will release the surety as to it, but not with regard to subsequent payments. The receipt of the note could have no greater effect than a payment of the money, especially when received as here as cash, and the surety is not sought to be held liable thereon. *Klein* v. *Long*, 27 App. Div., 158, 50 N. Y. Supp., 419; *Cohn* v. *Spitzer*, 145 App. Div., 104, 129 N. Y. Supp., 104; *Shepard Land Co.* v. *Banigan*, 36 R. I., 25, 87 Atl. 531; 2 White & Tudor's Fed. Cas. (8th Ed.), 590.

We are of the opinion that the several defenses urged by the appellee are not maintainable, and that the chancellor erred in not decreeing in favor of the rubber company.

Reversed, with decree here.