THE NATIONAL SAVINGS BANK OF THE CITY OF ALBANY, Respondent, *v.* FERMAC CORPORATION, Appellant, Impleaded with BERTHA H. HILL and Others, Defendants.

Third Department, May 15, 1934.

*Cooper, Erving & Savage* [*Edward S. Rooney* of counsel], for the appellant.

*Bender, Ford, Benson & Comstock* [*Roland Ford* of counsel], for the respondent.

BLISS, J. The appealing defendant, Fermac Corporation, was the original mortgagor. After giving to the plaintiff the mortgage which is here being foreclosed, this defendant conveyed the premises subject to such mortgage but without any assumption of the same by the grantee. This new owner gave to this same plaintiff a second mortgage on the premises. Then the property was conveyed through a series of owners subject to the two mortgages, which were assumed by all of the subsequent owners except the last. Both mortgages came due on April 5, 1931, at which time there was unpaid on the first mortgage principal of $16,400 and on the second mortgage the full amount of principal of $3,300. With these amounts still due and unpaid, the defendant Fermac Corporation in November, 1931, offered to pay to the plaintiff the full amount unpaid on the first mortgage and asked for an assignment of the same. The plaintiff refused to give this assignment, stating that it could not do so because it desired to protect its second mortgage. Fermac Corporation then demanded that the plaintiff immediately foreclose the first mortgage because the premises were then worth more than the amount unpaid on this mortgage.

After a delay of thirteen months, foreclosure proceedings were instituted, and at the time of the trial twenty months had expired since the date of the demand. The referee held that one month after demand was an excusable delay and that the delay for the following twelve months was inexcusable. He found the value of the premises at the time of the demand to be $17,000 and at the time of the trial $10,000 and apportioned the depreciation between the period from the date of demand to the commencement of the action and the period from the commencement of the action to the time of trial. He concluded that the plaintiff was entitled to the usual judgment of foreclosure and sale with judgment for deficiency, if any, against the Fermac Corporation only if said deficiency should be in excess of $4,200 and then only to the extent of said excess.

The defendant Fermac Corporation contends that the failure of the plaintiff to accept from it payment of the full amount then unpaid on the first mortgage and to give it an assignment of said mortgage constituted a complete release from its liability for deficiency. It was long since settled in this State that when a mortgagor conveys the mortgaged premises to one who acquires them subject to the mortgage without assuming the payment of the same, the mortgagor remains the principal debtor, but occupies a position akin to that of a surety for the amount of the mortgage, that is, to the extent of the value of the land, and the land becomes primarily liable for the debt in exoneration of the surety instead

of being a person so primarily liable. (*Murray* v. *Marshall*, 94 N. Y. 611.) " While, as we have said, no strict and technical relation of principal and surety arose between the mortgagor and his grantee from the conveyance subject to the mortgage, an equity did arise which could not be taken from the mortgagor without his consent, and which bears a very close resemblance to the equitable right of a surety, the terms of whose contract have been modified. We cannot accurately denominate the grantee a principal debtor, since he owes no debt, and is not personally a debtor at all, and yet, since the land is the primary fund for the payment of the debt, and so his property stands specifically liable to the extent of its value in exoneration of the bond, it is not inaccurate to say that as grantee, and in respect to the land, and to the extent of its value, he stands in the relation of a principal debtor, and to the same extent the grantor has the equities of a surety." (*Murray* v. *Marshall*, 94 N. Y. 611, 615.)

The original mortgagor, as surety, on payment of the debt, is entitled to an assignment and effectual transfer of the debt and all security held by the mortgagee and is entitled to have both the bond and mortgage assigned to him. (*Ellsworth* v. *Lockwood*, 42 N. Y. 98; *Murray* v. *Marshall, supra.*) In other words, he is entitled to be completely subrogated to the rights of the creditor. In the instant case the mortgagor was deprived of this right. His offer to pay the full amount then unpaid on the mortgage was declined and the mortgagee refused to assign the bond or mortgage to him. At the time of the offer the mortgaged premises were of sufficient value to satisfy this mortgage in full. There would have been no loss to the holder of the first mortgage. It was, therefore, being deprived of a most substantial right by the refusal of the mortgagee to accept such payment and make such assignment and was released from further liability for the debt. This alone is sufficient ground for reversing that portion which adjudges that this defendant pay a deficiency.

It is true that in this case the mortgagee also held a second mortgage on the premises which was given to it by a subsequent grantee and it desired to protect this second mortgage. This situation created no equities in the plaintiff's favor. The original mortgagor was not a party to the transaction of the giving of the second mortgage and can in no way be bound by, or deprived of any of its rights by reason of, that transaction. It must be assumed that the mortgagee was not in ignorance of the first mortgagor's right of subrogation when it entered into the second transaction, and if, under those circumstances, it saw fit to place itself in this position, it must abide by the effect thereof.

This defendant has raised another defense which appears to us to be adequate grounds for a reversal. It contends that the laches of the plaintiff in instituting this foreclosure action constituted a complete release from liability for deficiency. The learned official referee has held that such laches constituted a defense only to the extent of the depreciation in value of the mortgaged premises during the period of delay. " Whatever may have been the current of decision elsewhere, the principle was settled in this State more than forty years ago, and has since been steadily maintained, that if a surety request the creditor to collect the debt from the principal, and the creditor refuse or neglect to do so at a time when it is collectible, and from a subsequent change of circumstances it becomes uncollectible, the surety is by such conduct of the creditor, exonerated from his liability." (*Remsen* v. *Beekman*, 25 N. Y. 555.) When the principal is perfectly responsible at the time the debt became due, and the creditor, after demand by the surety, refuses to proceed and collect his debt until the principal becomes insolvent, the surety is exonerated from liability. (Id.) It is the duty of a creditor to collect the debt from the person or fund primarily liable when requested by the surety so to do, and, if the creditor fails to heed such request until he is unable to collect from the primary debtor or fund, he cannot be heard to claim such debt from the surety. Had the plaintiff here heeded the request of this defendant, it could have collected its debt in full from the property and there would have been no deficiency. How then may we equitably say that the laches of the plaintiff is only a *pro tanto* defense? Had there been no laches there would have been no deficiency. The court below has attempted to apportion the depreciation, charging part of it to the unexcused period of delay and the balance to the period when the foreclosure action was in progress. There would seem to be some authority for this in the decision of *Gottschalk* v. *Jungmann* (78 App. Div. 171). The holding there, however, was based upon the precedent of *Osborne* v. *Heyward* (40 App. Div. 78). A reading of this latter case fails to sustain this interpretation for the court there writes: " In such cases the rule is settled that the neglect of the mortgagee to proceed to foreclose the mortgage and collect his debt when duly requested to do so, will relieve the mortgagor from liability for any subsequent deficiency, if it appears that the whole debt would have been collected out of the land by compliance with his request, but has become uncollectible therefrom on account of the delay." The failure of the mortgagee to collect the debt out of mortgaged premises when the debt could have been collected therefrom in full released this mortgagor.

Even in applying the rule of a *pro tanto* defense the court below erred. The proof showed the value of the premises at the time of the demand and the value at the time of trial. There was no proof of value as of the date of the commencement of the action. It was apparently assumed that the rate of depreciation between the date of demand and the date of trial was uniform. There is no proof in the record upon which to base such an assumption. All of the depreciation may have occurred before the action was commenced or it may have all occurred after that date. No straight-line rate of depreciation may be presumed.

The judgment below must be modified by striking therefrom the provision that the plaintiff recover from the defendant Fermac Corporation the deficiency in excess of $4,200, and then only to the extent of said excess, and inserting therein a provision dismissing the complaint as to the defendant Fermac Corporation upon the merits, and as so modified affirmed, with costs to the appellant in this court and in the court below. The conclusion of law that the plaintiff is entitled to a judgment for deficiency against the defendant Fermac Corporation falls because the facts as found do not sustain it.

HILL, P. J., RHODES, McNAMEE and HEFFERNAN, JJ., concur.

Judgment modified by striking therefrom the provision that the plaintiff recover a deficiency judgment against the Fermac Corporation, and by inserting therein a provision dismissing the complaint as to the defendant Fermac Corporation upon the merits, and as so modified affirmed, with costs to the appellant in this court and in the court below.

The conclusion of law that the plaintiff is entitled to a judgment for a deficiency against the defendant Fermac Corporation falls because the facts as found do not sustain it.