New Rochelle Trust Company, Respondent, *v.* Norman H. Hinton and Frederick T. Kemple, as Executors, etc., of Frederick C. Kemple, Deceased, Appellants.

Walter Ives, as Trustee under the Last Will and Testament of Elizabeth T. Watson, Deceased, Respondent, *v.* Norman H. Hinton and Frederick T. Kemple, as Executors, etc., of Frederick C. Kemple, Deceased, Appellants.

New Rochelle Trust Company and Others, as Trustees under the Last Will and Testament of John H. Trenor, Deceased, Respondents, *v.* Norman H. Hinton and Frederick T. Kemple, as Executors, etc., of Frederick C. Kemple, Deceased, Appellants.

Second Department, April 24, 1939.

*Bernard A. Goodkind* [*Charles J. Cohen* with him on the brief], for the appellants.

*Albert Ritchie*, for the respondents.

Close, J. The defendants have appealed from three orders denying their motions to dismiss the complaints of the plaintiffs for failure to state facts sufficient to constitute a cause of action. The complaints are similar and may be summarized as actions brought by the obligees upon bonds secured by mortgages on real estate executed by the defendants' testator some years before his death. In each action the amount sought to be recovered is the interest due and owing at the death of the obligor. The complaints contain no allegation as to the contents of the will nor is there any allegation that the defendants' testator was the owner

of the mortgaged premises at the time of his death. The ground urged by the defendants is that after the death of the mortgagor the real property is the primary security and that the interest must be paid by the heir or devisee. That may be so but the defense must be raised by answer. Upon these motions the pleadings are entitled to every fair inference and intendment. (*Madole* v. *Gavin*, 215 App. Div. 299.) Consequently, no inference may be drawn that the defendants have a good and sufficient defense. If the defendants wish to raise the shield furnished by section 250 of the Real Property Law, or by the terms of the will, they must do so by answer. If, in any aspect, upon the facts stated, the plaintiffs are entitled to recover, the motion should be denied. (*Boston & Maine Railroad* v. *Delaware & Hudson Co.*, 238 App. Div. 191; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.) There are such aspects here.

The orders should be affirmed, with one bill of ten dollars costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon.

CARSWELL and JOHNSTON, JJ., concur; TAYLOR, J., concurs in result, being of opinion that if the allegations of each complaint are taken at their face value, a right of recovery of mortgage interest accruing in testator's lifetime exists as matter of law; HAGARTY, J., dissents and votes to reverse the orders and grant the motions, with opinion.

HAGARTY, J. (dissenting). As the appeals raise common questions, it is necessary to consider but one complaint. In the action of Walter Ives, as trustee under the last will and testament of Elizabeth T. Watson, deceased, it is alleged that Frederick C. Kemple died a resident of Westchester county on the 21st day of May, 1938, leaving a will which has been admitted to probate. About ten years prior to his death he executed and delivered to the New Rochelle Trust Company his bond in the sum of $10,000, which was the amount the trust company then loaned him, and at the same time executed and delivered to it a mortgage upon certain real property located in the city of New Rochelle to secure the said bond, which instruments plaintiff holds upon assignment by the trust company. Defaults in the semi-annual payment of interest from January, 1936, to July, 1938, are set forth in the total amount of $1,493.88. Thus, this was interest which had accrued, practically in its entirety, at the time of the death of Kemple.

Appellants urge that this action may not be maintained against the personal representatives of the mortgagor's estate, but that plaintiff is relegated to his action for foreclosure of the lien of the

mortgage and may look to the general assets of the estate only for payment of a deficiency judgment, if any, and upon compliance with the Surrogate's Court Act (§ 207), providing for the filing of a claim by a creditor for a contingent or unliquidated liability of a decedent on an outstanding bond. The Real Property Law (§ 250) requires an heir or devisee to satisfy and discharge a mortgage upon property which passes into his hands without resorting to the representatives of the estate of his ancestor or testator, unless, of course, there be an express direction in the will of such testator. The land, therefore, is primarily charged with the debt. In enacting this and its predecessor statute (1 R. S. 749, § 4), the Legislature altered the concept that the mortgage was simply collateral to the debt expressed in the bond and, upon the death of the obligor, made the mortgage the predominant instrument in accordance with its understanding of the usual intention of a decedent that his heir or devisee take realty subject to the mortgage. (*Cochrane* v. *Hawver*, 54 Hun, 556, 557.) If a creditor were free to obtain satisfaction of his debt out of the general assets of the estate, by so doing he could nullify the effect of the statute or, in any event, create circuitous litigation involving the subrogation of the personal representatives to the rights and interests of mortgagees, whereas such personal representatives ordinarily have nothing to do with the realty of a decedent. For this reason, such a creditor is obliged to look to the land in the first instance, and the general assets are subjected to no more than secondary liability. (*Olmstead* v. *Latimer*, 9 App. Div. 163; modfd. on other grounds, 158 N. Y. 313.)

The death of the obligor, therefore, restricts the remedy which may be pursued by the obligee. During the lifetime of the obligor the obligee may elect to sue for judgment on the bond alone and might even seek judgment for accrued interest despite the moratorium laws (*Johnson* v. *Meyer*, 268 N. Y. 701; *Rochester Trust & Safe Deposit Co.* v. *Hatch*, 273 id. 507) without subjecting himself thereby to a defense of splitting a cause of action. (*Union Trust Co. of Rochester* v. *Kaplan*, 249 App. Div. 280.) But when death occurs and the statutes with respect to descent and distribution are brought into operation, the requirement that a creditor fashion his remedy in accordance therewith is no more than an application of the equitable doctrine of marshaling of assets, and it cannot be said that by adhering to the procedure the creditor forfeits any legal right. Both the land and the general assets are available to him, and he is merely obliged to look to the land in the first instance.

The fact that the interest accrued prior to the death of the mortgagor is immaterial. It is part of the mortgage debt assumed by the heir or devisee (*Matter of Rosenstein*, 152 Misc. 777, 782), and the reasons requiring the creditor to look to the land are just and compelling. A holding that the death of the testator was immaterial and did not affect the remedy of the creditor would enable the latter to seek interest from the estate rather than look to the land irrespective of the statute (*supra*).

The foregoing views have been expressed upon the assumption that the mortgaged properties were owned by the testator at the time of his death. If, however, the contrary was the fact and the properties had been conveyed by the decedent during his lifetime, in which respect the complaints are silent, the result would be the same. By virtue of a conveyance, the land would serve as the primary fund for the satisfaction of the debt and the mortgagor who had so conveyed would occupy a position akin to that of a surety. (*National Savings Bank of Albany* v. *Fermac Corp.*, 241 App. Div. 204; affd. without opinion, 266 N. Y. 443; *Osborne* v. *Heyward*, 40 App. Div. 78; *Comstock* v. *Drohan*, 71 N. Y. 9.)

In the event of a conveyance by the decedent during his lifetime, with warranty and for the whole purchase price despite the mortgage (*La Grave* v. *Hellinger*, 144 App. Div. 397; affd., 205 N. Y. 577), or a provision in the decedent's will charging the accrued interest to the estate or of any other unusual contingency, the facts pertaining thereto should be affirmatively alleged in the complaints, as they would constitute the bases for the causes of action.

For the foregoing reasons, the orders denying motions of the appellants to dismiss the complaints for insufficiency should be reversed on the law, and the motions granted.

Orders affirmed, with one bill of ten dollars costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon.