CHARLES LLOYD WEATHERBY, Plaintiff, *v.* ELIZABETH MARY WEATHERBY, Defendant.

Supreme Court, Chautauqua County, October 16, 1941.

*Milton A. Bissell,* for the plaintiff.

*Lombardo & Pickard [Clarence G. Pickard* of counsel]; for the defendant, appearing specially.

DIAMOND, J. This is a motion by defendant for an order vacating and annulling a warrant of attachment obtained by plaintiff in the County Court of Chautauqua County and for an order dismissing the complaint. Several grounds are urged as will hereinafter appear.

The complaint in the action in which the attachment was obtained is rather unusual. In fact, it is, in newspaper parlance, a " man bites dog " story. The husband sues his wife for her alleged failure to live up to her promise to support him " during his lifetime  *  *  *  and the natural life of the said defendant." The distinction between the two kinds of lives is not explained in the papers.

The complaint goes on further to allege that the defendant breached a promise made to plaintiff that she " would be a faithful wife to said plaintiff and conduct herself in every respect in an honorable and proper manner; " that she abandoned plaintiff after their marriage; that he has gone to Florida and there commenced an action for divorce. So much for plaintiff's first alleged cause of action.

Plaintiff sets forth a second alleged cause of action wherein he attempts to plead what, under other circumstances, might perhaps be spelled out to be an action for an annulment of the marriage. For he claims that the defendant induced him to marry her by " falsely and fraudulently " representing " that she would and could bear him children." Plaintiff sets forth that fate, in the guise of a surgeon, laid her heavy hand on the person of defendant and made it impossible for her to carry out her alleged ante-nuptial promises to plaintiff.

" By reason of the foregoing," says plaintiff, he has sustained damages in the sum of $25,000, no part of which has been paid, in consequence of which plaintiff demands judgment in the sum of $25,000 *and* an annulment of the marriage.

In his demand for judgment, at least, the plaintiff is conventional. He seeks both the annulment of the contract of marriage and the alleged agreement to support him while at the same time asking for damages for the alleged breach. In the manner of many males, he seeks to eat his cake and have it too. In this respect, too, it may perhaps be said that this plaintiff is following

tradition. But the court is unable to say with even approximate certainty that plaintiff is following legal precedent. On the argument of this motion, the court invited plaintiff's counsel to furnish some authority for his client's demand. Two weeks have not sufficed for him to do so and neither has the court's own research.

As a matter of fact, it is not possible to ascertain from the complaint whether this is an action at law or in equity. It is not even clear whether the plaintiff's demand for $25,000 damages is for defendant's failure to support him during his " lifetime " and her " natural life " or for his discovery that surgery had thwarted his very natural longing for progeny who would bear his name.

Some things, however, may be ascertained from the complaint. Among these ascertainable facts are that the plaintiff lives in Celeron, Chautauqua county, N. Y.; that defendant is a resident of Orlando, Fla., and that the parties were married in Erie, Pa.

This results in interstate complications which throw great doubt on the jurisdiction of the court. For subdivision 3 of section 1146-a of the Civil Practice Act says that in an action to annul a marriage where the parties were married without the State, either plaintiff or defendant must have resided here for one year when the action was commenced. The complaint does not so allege. It states that defendant is a resident of Florida and merely that " plaintiff is a resident " of New York. On the duration of his residence, the complaint is silent.

If, then, this is to be considered an annulment action, plaintiff has not set forth the necessary jurisdictional facts (*Matter of Kohler*, 123 Misc. 305), and the complaint is fatally defective.

But whether or not Weatherby may claim damages plus annulment from his wife, that is the question. In fact, that is the whole underlying question in this case, and it is not very difficult to answer. For the cases are many (*Manufacturers Trust Co.* v. *Gray*, 278 N. Y. 380) and the statute is clear. Section 51 of the Domestic Relations Law, captioned " powers of married woman," lays down the provisions of a married woman's bill of rights. It grants her in generous, general terms every power to contract " as if she were unmarried." Clearly, then, if the statute were silent from there on, it would be clear that " if she were unmarried " she could not contract to support a husband. And if she had a husband, it would seem to follow that she were no longer unmarried.

But the statute has left no room for such casuistry. It goes on to say in language as clear as the running brook that a " husband and wife cannot contract * * * to relieve the husband from his liability to support his wife."

Our courts, on occasions so numerous as to make the principle elementary, and citation unnecessary, have declared such an executory " contract " void and unenforcible as against public policy. To that extent, at least, the fair sex is not on terms of parity with the other. Or, more accurately stated, perhaps in that respect the female of the species is superior to the male.

Hence, for these reasons, it seems that plaintiff's first cause of action, like the house divided against itself which the complaint describes, cannot stand.

This leaves what appears to be an annulment action standing — like the plaintiff in Celeron — alone. Brushing aside the jurisdictional question above referred to, such an action is not one in which attachment may be had. Section 902 of the Civil Practice Act, both before and since the amendment in effect September 1, 1941, specified that attachment would lie only in an action to recover " a sum of money only." An action to annul a marriage is obviously of a different category. If a cause of action for annulment can be spelled out here, it is one in equity and furnishes no basis for attachment. (*Olsen* v. *U. S. Fidelity & Guaranty Co.*, 230 N. Y. 31.)

There are other, and perhaps still more, technical grounds, on which the defendant would be entitled to the relief sought on this motion. There are other and perhaps more cogent reasons which the court could assign for granting this motion. But the plaintiff already feels injured to the extent of $25,000 and there is no point to adding anything to his injury. If damaged he has been, it is " damage without injury."

Let defendant, therefore, submit an order vacating and setting aside the warrant of attachment, and dismissing the complaint, with ten dollars costs.