JOSE DE LANDA, Plaintiff, *v.* VIRGINIA W. DE L. LUCOM, Defendant.

City Court of the City of New York, Special Term, New York County, August 12, 1955.

*Michael J. Kenny* for defendant.

*Frank Rashap* for plaintiff.

BAER, J. These are two motions which will be considered together. The first motion is to dismiss the complaint as insufficient under subdivision 4 of rule 106 of the Rules of Civil

Practice. The second motion to dismiss the complaint is brought under subdivisions 6 and 7 of rule 107 of the Rules of Civil Practice.

The plaintiff and defendant were married in 1933, at Miami Beach, Florida. They continued to live together as husband and wife and as residents of that State until August, 1951. On August 6, 1951, they separated. On August 7, 1951, they entered into a written separation agreement, the breach of which is the subject of this action. The defendant wife began divorce proceedings immediately and obtained a decree in the State of Florida on August 30, 1951. Soon thereafter she remarried.

The separation agreement is unusual in that it provides that, "The wife shall pay to the husband for his support and maintenance so long as the husband lives the sum of $5,000 per year payable in quarterly installments of $1,250 beginning on the first day of September, 1951. In the event of the prior death of the wife, such payments to the husband shall constitute a binding claim against the estate of the wife."

The wife made the payments to the husband as agreed until December 1, 1954. Three quarterly payments totaling $3,750 are now past due. The summons and complaint setting forth the breach of the contract and seeking recovery of the aforesaid sum were served upon the defendant and these motions, before answer, are addressed to the complaint and the amended complaint.

Under the second motion (Rules Civ. Prac., rule 107), defendant contends that the complaint as amended should be dismissed (a) because the promised payment was a gift and so acknowledged by the plaintiff, on a gift tax return to the Director of Internal Revenue, and therefore payment could be withheld by the defendant at any time; (b) that the agreement is unenforcible for lack of consideration. In view of the written agreement which is part of the complaint both of these contentions by the moving party are without merit. This motion is denied.

The first motion (Rules Civ. Prac., rule 106) for dismissal of the complaint for insufficiency is based on the alleged violation of section 51 of the Domestic Relations Law, particularly that part which states that, " a husband and wife cannot contract * * * to relieve the husband from his liability to support his wife." There is no doubt that the courts of this State have held agreements, wherein the wife waives her right to or the husband relieves himself of the obligation to support the wife, illegal and unenforcible (*Third Nat. Bank of Buffalo* v.

*Guenther,* 123 N. Y. 568; *Weatherby* v. *Weatherby,* 177 Misc. 355; *Garlock* v. *Garlock,* 279 N. Y. 337; *Haas* v. *Haas,* 298 N. Y. 69). From the complaint this is not a situation similar to those set forth in the cases above cited. In those cases the agreements were made while the parties were living together as husband and wife or at most, separated. In none of the cases were the parties divorced and the wife remarried. In the instant case the parties, who were bona fide residents of the State of Florida, entered into an agreement in that State after they were separated. It is assumed for the purpose of this motion that the contract was legal and enforcible in the State where it was made. Immediately thereafter the defendant wife obtained a divorce from the husband. She made payments under the separation agreement. The issue of support of the wife by the husband is academic in view of the divorce on August 30, 1951, and her subsequent remarriage. Therefore, while contracts in violation of section 51 of the Domestic Relations Law have been held to be repugnant to the public policy of this State, the facts in the instant case can be distinguished from the other cases cited. This contract was made in another State and on this motion it is assumed to be a legal contract; it does not involve residents of this State; the marriage contract was not performed here nor was the situs of the marital *res* ever in this State. We are only concerned with the question of whether or not the courts of this State will enforce such a contract, after the parties are divorced and the wife remarried.

It may be that this agreement is illegal. At the trial the defendant will have ample opportunity to prove her contention. If the contract was legal where entered into by the parties, it will be enforced by the courts of this State under the full faith and credit clause of the Federal Constitution, unless it is repugnant to the public policy of this State. While it is in the public interest that certain obligations should attach to a marriage contract, amongst which is the duty of a husband to support his wife (*Tirrell* v. *Tirrell,* 232 N. Y. 224, 239), under the outlined facts of this particular matter there appears to be no reason why the agreement should not be enforced when there is no longer a duty to support.

It is also the policy of our State to enforce contracts which are legal in other States, and separation contracts made after the parties are separated are no exception. " If * * * the parties have legal capacity to contract, the subject of settlement is lawful and the contract without fraud or duress is properly

and voluntarily executed, the court will not interfere " (*Galusha v. Galusha,* 116 N. Y. 635, 646).

It is also clear that on this motion every fair inference must be made in favor of the sufficiency of the pleading. (*New Rochelle Trust Co. v. Hinton,* 256 App. Div. 724; *Schwartz v. Heffernan,* 304 N. Y. 474; *Sutton v. Hearst Corp.,* 277 App. Div. 155; *Dyer v. Broadway Central Bank,* 252 N. Y. 430; *Condon v. Associated Hosp. Service of N. Y.,* 287 N. Y. 411; *Locke v. Pembroke,* 280 N. Y. 430; *Garvin v. Garvin,* 306 N. Y. 118.)

The motion is denied. Settle order on notice. Defendant is granted leave to serve her answer within ten days after service upon her attorney of a copy of an order with notice of entry.