■ TOWN OF GENEVA, Respondent, v PURIFICATION SCIENCES, INC., et al., Appellants, and CERTAIN-TEED PRODUCTS CORPORATION, Respondent, et al., Defendant.—Order unanimously affirmed, with costs. Memorandum: Plaintiff seeks to recover $30,000 damages for breach of contract in the alleged defective construction of an eight-inch water line by defendant contractor. Defendants, the contractor and its surety, moved for summary judgment alleging compromise and settlement of the dispute and that the action was time-barred. It is alleged in support of the motion that on or about September 22, 1971 the town and the contractor settled all their disputes by payment of the sum of $3,000. It appears that prior to that date the town owed the contractor $2,000 for retainage and $5,000 for extras, that the parties entered into negotiations and eventually the contractor's claims were settled for $3,000 and payment of that sum was made by check marked "payment in full" on its face. It is the contention of the contractor that the various correspondence and the indorsement on the check evidenced the complete settlement of the town's claims. Parties may, of course, settle only part of a claim and withhold disposition of the remainder (see *City of New York v De Marco,* 166 App Div 35). The practice is frequently resorted to in matters involving executory contracts. The town asserts that it did just that in this case, that it never accepted the water line and that the settlement was only in satisfaction of the contractor's claims and without any intention by the town to waive its claims under the one-year contract warranty. There is an issue of fact on the scope and extent of this settlement. The language of the correspondence is susceptible of a construction that it was intended to discharge only the contractor's claims for retainage and extras and was not a relinquishment by the town of any future claims on the warranty. That, coupled with the refusal of the town to execute a general release at the time of compromise, raises a question of fact which justifies the receipt of parol evidence upon trial to determine the intentions of the parties (cf. *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). The surety moved for summary judgment, claiming that the period for commencing an action on the bond had expired. Service was completed well within the warranty and maintenance period provided in the bond. (Appeal from order of Ontario Special Term denying motion for summary judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.