1837.

NORTON
v.
WARNER.

---

### NORTON v. WARNER and others.

---

A mortgagee, who has assigned the mortgage as security or pledge for a loan of less amount than the mortgage, may, especially where the pledgees refuse to proceed, file a bill of foreclosure in his own name. The pledgees might also have done so; and in that case would have been trustees of any surplus.

A second mortgagee may file a bill to foreclose and sell and pay off incumbrances or to redeem as respects prior mortgagees and then sell to re-pay redemption money and satisfy after incumbrances.

It is not enough for a defendant, in his answer, merely to deny knowledge; he must add as to information.

Where a defendant says, he is utterly and entirely ignorant, this is answer enough. He cannot, in such a case, be compelled to add his belief.

---

May 16,
1837.

Mortgagor
and mort-
gagee.
Parties.
Pleading.
Answer.
Exception.

SAMUEL R. B. NORTON, the present complainant, while holding and owning a large mortgage made by the defendant, Effingham H. Warner, obtained ten thousand dollars from the defendants, The Long Island Farmers' Fire Insurance Company, on pledge of such mortgage and assigned it for security. The face of the assignment, recorded, showed that it was a pledge. Before any re-assignment or re-payment of the ten thousand dollars, Norton became complainant in the present suit to foreclose the mortgage itself. The bill alleged that the company had refused to proceed and recover the amount due on the mortgage. A demurrer was interposed by the Long Island Farmers' Fire Insurance Company, on the ground that

the assignment had the effect of debarring Norton from commencing a foreclosure in his own name.

Mr. *L. Hoyt*, in support of the demurrer.

Mr. *Brewster*, contra.

THE VICE-CHANCELLOR :—This demurrer is clearly not *August* 14. well taken.

The complainant has not divested himself of all interest in or control over the mortgage. The assignment is but a partial one, made to secure to the Long Island Farmers' Fire Insurance Company the payment of ten thousand dollars borrowed on interest, being less than the amount due on the mortgage. In equity, he is still the owner, subject only to the lien or pledge for the ten thousand dollars. The company might have filed a bill of foreclosure against the original mortgagor and all parties in interest, and in that case they would have been deemed trustees for the mortgagee, (the present complainant,) for all of the mortgage debt, after satisfying their claim ; and upon their refusal to proceed—and which the bill alleges—I see no good reason why the complainant might not proceed as he has done. True, he might offer to redeem from the Long Island Farmers' Fire Insurance Company, by paying his debts to them and taking back the bond and mortgage under a re-assignment, if necessary ; but, considering that the complainant has a right to call on his mortgagor and to have the property sold upon his default for the whole mortgage debt, I think this case does not fall within the principle in *Goldsmith* v. *Osborn*, 1 Edwards' Ch. Rep., 560, so as to take away his right to proceed. There, the mortgagor filed a bill ; but here, it may be regarded as a bill filed by the mortgagee in the ordinary way for a foreclosure and sale, and in which, as between the complainant and the Long Island Farmers' Fire Insurance Company, he is to be deemed the second mortgagee and the company, as holding the first mortgage, entitled to be first paid out of the proceeds.

There is no objection to a second mortgagee's filing a bill for a foreclosure and sale to pay off all the incumbrances according to their respective priorities or to redeem as respects prior mortgagees, and then to sell in order to re-pay the re-

1837.

NORTON
v.
WARNER.

demption money as well as to satisfy the subsequent incumbrances : *The Western Insurance Company* v. *The Eagle Fire Insurance Company*, 1 Paige's C. R., 284.

The demurrer is overruled, with costs, and the defendants must answer within twenty days. (*a*)

The cause also came before the court on exceptions to an answer. The bill called on the defendants to answer according to the best of their knowledge, information and belief ; and one of the defendants had answered a part, by saying : " he did not know and therefore left the complainant to make such proof thereof as he should be advised and was able to do."

THE VICE-CHANCELLOR said : This is not enough. He may have information, although not personal knowledge ; and, upon such information, may have formed a belief ; and when this is disclosed, it may save the complainant the necessity of taking proof of the facts as against this defendant. If the latter had said, he had neither knowledge nor information or that he was utterly and entirely ignorant, save and except from the bill itself, this would have been sufficient. He could not, then, be required to express his belief. When a defendant says, he does not know, he should, at least, add, if the fact be so, " and has not been informed except by the bill ;" and, then, his answer will be sufficient. If he have information *aliunde*, he is bound to state what it is and to express his belief concerning the facts from such information. This is the correct mode of answering ; as will be seen by a reference to *Morris* v. *Parker*, 3 J. C. R., 297, where chancellor Kent laid down the true rule.

(*a*) In March following the cause again came before the court on another demurrer involving the same point. The vice-chancellor, in setting it aside, after referring to the grounds on which he before had acted, added : " An additional reason also suggests itself to my mind at this time. A surety for a debt has a right to file a bill against the creditor to compel him to proceed and collect the debt from the principal where the creditor refuses or is dilatory after the debt has become payable : *King* v. *Baldwin*, 17 J. R., 384. It is no answer to such a bill that the surety is bound for the debt and should pay it himself to the creditor and afterwards pursue his remedy against the principal for reimbursement. He is entitled to be exonerated by coercing the creditor into a proceeding against the principal debtor or against property which he may hold in pledge. Why may not this principle be applied here ?"