(159 App. Div. 37.)

### SANDS v. GILLERAN et al.

(Supreme Court, Appellate Division, Second Department.   November 7, 1913.)

1. INTEREST (§ 36*)—STIPULATED RATE.
   When a contract provides that interest shall be at a specified rate until the principal shall be paid, the rate governs until such payment, or until the contract is merged in a judgment.
   [Ed. Note.—For other cases, see Interest, Cent. Dig. § 76; Dec. Dig. § 36.*]

2. INTEREST (§ 37*)—RATE—AFTER MATURITY.
   Where one contracts to pay a principal sum at a certain future time with interest, the interest after the maturity of the contract is to be computed as damages according to the legal rate, and not according to that stipulated by the contract.
   [Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 77, 78; Dec. Dig. § 37.*]

3. CONTRACTS (§ 75*)—CONSIDERATION—PERFORMANCE OF LEGAL OBLIGATION.
   A promise by the obligor upon a bond and mortgage to pay the rate of interest he was legally obliged to pay afforded no consideration for a corresponding promise to extend the time of the payments of the principal of the bond and mortgage.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 273–285; Dec. Dig. § 75.*]

4. PLEDGES (§ 18*)—EFFECT—SUBSEQUENT CONTRACT—PARTIES.
   The holder of a bond and mortgage who had assigned it as collateral security for a loan had no such title to the bond or mortgage as would enable him alone to make a valid agreement with the mortgagor changing the rate of interest.
   [Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 41–43; Dec. Dig. § 18.*]

---

Appeal from Special Term, Westchester County.

Action by Daniel C. Sands against Thomas Gilleran and the Millett Realty Company and others. From a judgment for plaintiff, defendants Gilleran and Millett appeal. Affirmed.

See, also, 157 App. Div. 892, 141 N. Y. S. 1145.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Robert H. Wilson, of Brooklyn, for appellants.

George H. Hyde, of New York City, for respondent.

BURR, J. On July 15, 1907, Moses Jaffe and Thomas Gilleran executed their bond to the L. D. Garrett Company, the condition of which was that they should pay to it the sum of $18,000 on July 15, 1910, "and the interest thereon, to be computed from the fifteenth day of July, 1907, at the rate of five (5%) per cent. per annum, and to be paid semiannually, on the fifteenth days of July and January in each year." This bond was secured by a mortgage upon certain real property situated in the city of Yonkers. By various mesne assignments the record title to said bond and mortgage, on or about February 1, 1911, became vested in plaintiff, who, on March 20, 1912, began this action to foreclose said mortgage and to enforce liability upon said bond. From a judgment in his favor, Thomas Gilleran, liable upon the bond, and the Millett Realty Company, the present owner of the premises described in said mortgage, appeal.

[1, 2] The defense interposed is that on or about July 19, 1910, the then owners of the property entered into an agreement with the then holders of said mortgage, whereby the time for the payment of the principal thereof was extended for three years from July 19, 1912, and the rate of interest was increased from 5 per cent. to 6 per cent. per annum. The learned court at Special Term has found that plaintiff is the sole and absolute owner of said bond and mortgage, and that there is due thereon the sum of $18,000 of principal, with interest at the rate of 6 per cent. per annum from July 15, 1910; and one of the grounds upon which appellants seek a reversal of such judgment is that it awards to plaintiff interest at the rate of 6 per cent. per annum upon the amount found due for principal, but ignores and disregards so much of an alleged agreement as provides for an extension of the time for the payment of the principal. If plaintiff's right to demand the increased rate of interest depended upon such an agreement, and it had been made, there would be force in the contention. New York Life Ins. Co. v. Casey, 178 N. Y. 381, 70 N. E. 916. But it does not. In the case cited the bond expressly provided that the interest should be payable at 5 per cent. per annum "until the principal sum be paid." In this case there is no such provision.

"When the contract provides that the interest shall be at a specified rate until the principal shall be paid, then the contract rate governs until payment of the principal, or until the contract is merged in a judgment. * * * Where one contracts to pay a principal sum at a certain future time with interest, the interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for the breach of the contract," and, "after the maturity of such a contract, the interest is to be computed as dam-

ages according to the rate prescribed by the law, and not according to that prescribed in the contract if that be more or less. * * * When a man's obligation to pay interest is simply that which the law implies, he discharges that obligation by paying what the law exacts." O'Brien v. Young, 95 N. Y. 428, 47 Am. Rep. 64; Taylor v. Wing, 84 N. Y. 471; Sanders v. Lake Shore & Michigan Southern R. Co., 94 N. Y. 641; Ferris v. Hard, 135 N. Y. 354, 32 N. E. 129; Pryor v. City of Buffalo, 197 N. Y. 123, 90 N. E. 423.

On July 15, 1910, the contract to pay interest at the rate of 5 per cent. matured. Subsequent to that date plaintiff was entitled to interest at the statutory rate of 6 per cent.

[3] A promise to do that which the promisor is already under a legal obligation to do affords no consideration for a corresponding promise to extend the time for the payment of the principal of the bond and mortgage if such had been made. But was there any such agreement? If it exists, it must be found in an instrument executed in duplicate on July 19, 1910, by W. R. Oglesby and Thomas Gilleran, respectively, which reads as follows:

"Will agree to extend for 3 yrs. from date. Int. to be six per cent.—Mtge. not to be foreclosed if taxes and not less than half the interest is paid as & when due. Other half Int. may stand until end of three yrs."

[4] If Oglesby had at that time been the owner of the bond and mortgage, it is at least doubtful whether such an agreement would have been enforceable. Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685. But the court has refused to find that at that time he was such owner, and the evidence fully sustains such refusal. Construing it most favorably for the appellants, the bond and mortgage had at that time been assigned to one Thomas M. Waller, by an assignment absolute in form, but which in fact was held as collateral security for a loan of $15,000 made by Waller to Oglesby, or to some one in his behalf. If Oglesby at that time had any interest in the proceeds of such bond and mortgage after his debt was paid, the legal title thereto was vested in Waller, who had a right against the owner of the property to enforce the same without making Oglesby a party. 2 Jones on Mortgages, §§ 1374, 1375a; In re Gilbert, 104 N. Y. 200, 10 N. E. 148; Norton v. Warner, 3 Edw. Ch. 106. If the property sold for more than sufficient to pay the debt to secure which it was assigned, the assignor would be entitled to the surplus over and above such indebtedness. 2 Jones on Mortgages, § 1375. Or, if the assignee purchased the land, the assignor would be entitled upon the payment of his debt to a conveyance thereof. In re Gilbert, supra. But the assignor or pledgor has no such title to the bond or the mortgage for which it was given as security as would enable him alone to enter into a valid and enforceable agreement altering the terms thereof. The court has likewise found that subsequently thereto plaintiff became the absolute owner of the entire bond and mortgage, and the evidence sustains such finding.

It follows that the judgment appealed from must be affirmed, with costs. All concur, except PUTNAM, J., not voting.