KINGS COUNTY TRUST COMPANY, Respondent, v. MARTIN DERX and Others, Defendants, Impleaded with CHARLES A. GOMER, as Sole Executor, etc., of AUGUSTA GOMER, Deceased, Appellant.

Second Department, January 23, 1933.

*Alexander U. Zinke* [*Charles W. Silver* with him on the brief], for the appellant.

*G. Blaine Darrah*, for the respondent.

DAVIS, J. On April 28, 1904, Augusta Gomer, now deceased, made and executed to the plaintiff her bond for $12,000 secured by a mortgage on lands in Brooklyn. The amount secured was payable one year from date and the rate of interest was five per cent, payable semi-annually. There were in the mortgage the usual clauses concerning the payment of principal, interest, taxes and insurance, and a power of sale.

It is alleged in the complaint, in this action for foreclosure, that

no part of the principal has been paid and there has not been payment of interest due October 28, 1931; and that by an agreement between the mortgagor and the mortgagee the rate of interest was increased on May 15, 1919, from five to five and one-half per cent. Further, it is alleged that Augusta Gomer died January 23, 1920, leaving a last will and testament; and that letters testamentary were issued thereon to Charles A. Gomer and Martha G. Gray, who were the only heirs at law and devisees of the deceased. Martha G. Gray has become disqualified, and Charles is now the sole executor. Judgment for sale and deficiency is asked.

The action was commenced August 5, 1932. The answer, besides denials, sets up as a partial defense the facts already stated concerning the death of the mortgagor and the probate of her will; that Charles A. Gomer is now the sole executor; that the executors sold and conveyed the mortgaged premises to Martin Derx and Louisa S. Derx about April 23, 1920; that no claim upon the mortgage or the bond was made or filed by the plaintiff with the executors and that " the plaintiff ever since the conveyance last mentioned, has received and accepted interest on the said mortgage and bond from the said defendants Derx and has receipted therefor; and that, by reason of the acts of the plaintiff in failing to claim its moneys, or to enforce the bond and mortgage of the said Augusta Gomer for many years following her death, the mortgaged premises have greatly depreciated in value, and this defendant, as such executor, is not liable to the plaintiff upon the said bond and mortgage in the sum total claimed, or any sum whatever."

Plaintiff's motion to strike out this partial defense as insufficient in law has been granted and the defendant executor appeals.

The contention that the plaintiff should have presented a contingent claim against the estate under the provisions of section 207 of the Surrogate's Court Act is not pressed here for the obvious reason that the amendment to that section deemed applicable was not enacted until after the time had expired in which to present claims. On the argument it was stated by appellant that in the sale to Derx there was no assumption of the mortgage, but that the grantees took title subject to the mortgage; and that no notice was ever given to the plaintiff to foreclose to protect the estate from liability for deficiency.

Where a mortgagor conveys property subject to the mortgage, even though the mortgage is not assumed by the grantee, it is the rule that from the date of the conveyance the mortgagor occupies a position something akin to that of a surety for the amount of the past-due mortgage — that is, to the extent of the value of the land.

In such a case, if the mortgagee fails to foreclose within a reasonable time after the request of the mortgagor or notice given to that effect, it relieves the mortgagor from liability for any deficiency arising upon a subsequent foreclosure and sale to the extent that such deficiency resulted from the delay, and if it appears that the whole debt could have been collected from the land at the time notice was given. (*Osborne* v. *Heyward*, 40 App. Div. 78; *Gottschalk* v. *Jungmann, No. 1*, 78 id. 171.) As we have said, the appellant does not claim to have given any such notice. Instead, he relies upon some principle of estoppel, depending chiefly upon laches, under which he appeals to the equitable powers of the court to grant relief.

There are several grounds of estoppel, such as an agreement between the mortgagee and the mortgagor, upon a valid consideration, that the mortgage shall not be enforced. (Wiltsie Mortgage Foreclosure [4th ed.], § 48.) Likewise fraud, silence or failure to act, as well as declarations and conduct, may estop the mortgagee from claiming rights in opposition to those of a party who acted upon his tacit encouragement. (Wiltsie Mortgage Foreclosure [4th ed.], § 210; Weed Practical Real Estate Law [2d ed.], pp. 415, 416.) In *Witherell* v. *Kelly* (195 App. Div. 227) we held that the mortgagee was estopped from entering a deficiency judgment where it appeared that, in reliance on the assurances of the plaintiff that there would be no deficiency judgment taken against him, the mortgagor, with just grounds, remained inert and did not attempt to secure himself or protect himself against a deficiency judgment, but in fact, by stipulating that the action of strict foreclosure — one in which there could be no deficiency — should be modified into one of sale, facilitated it. In the case under consideration the plaintiff has promised nothing, and the executor has not been led into a condition of quietude or inertia by anything that the plaintiff has said or promised.

Augusta Gomer, in her lifetime, made no attempt to pay this mortgage although it ran for fifteen years after it became due. Evidently she was content with the situation and desired that it should remain a lien on her lands, for she consented to an increase in the interest rate in 1919, and made no effort to pay the principal. Apparently the interest was paid regularly, both before and after her death, for the complaint alleges that the interest is due only from October 28, 1931. Soon after the death of the testatrix the property was sold by the executors subject to the mortgage. They then had full notice of the fact that by its terms the mortgage was long past due. There has been no attempt, so far as it appears, by those representing the estate, to stimulate the present owner to make payment of the principal, nor has there been notice or request

to the plaintiff to foreclose. It may be assumed that the representatives of the estate, as well as the grantee, knew of fluctuations in value. Forbearance to sue as long as interest is being paid is not a ground of estoppel under the circumstances, for it is not alleged that the plaintiff knew that its security was impaired during the twelve years since the death of the mortgagor. The laches and the indifference to the obligation are at least as strongly marked on the part of the executor as on that of the mortgagee. Mere delay in foreclosure, without any request to foreclose or any offer to pay, is not delinquency of such a character as to relieve the defendants from liability. (*Glacius* v. *Fogel*, 88 N. Y. 434, 442.)

It would be, we think, a rather strange doctrine that the forbearance of a mortgagee to foreclose may result in laches or estoppel under the circumstances here detailed. We know of no equitable powers permitting the withholding of legal rights under sealed instruments from a party not pressing its claim during a period when it was well secured, and while those obligated were quiescent. The general sentiment in these times of financial depression is that mortgagees should forbear in asserting their legal rights. We would not, by any act introducing a new rule respecting laches, put in jeopardy the rights of those who are forbearing.

We think that the order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., KAPPER, CARSWELL and SCUDDER, JJ., concur.

Order granting plaintiff's motion to strike out the partial defense contained in paragraphs 3 to 9, inclusive, of the amended answer of defendant Gomer affirmed, with ten dollars costs and disbursements.