THE MONROE COUNTY SAVINGS BANK, Plaintiff, *v.* DAVID BAKER, or BECKER, and Others, Defendants.

Supreme Court, Monroe County, April 25, 1933.

*Clayton F. Morey,* for the plaintiff.

*Max Cohen,* for the defendants Appelbaum.

CUNNINGHAM, J. This action is brought to foreclose a mortgage upon real property.

The plaintiff's affidavit, together with the answer admitting most of the allegations of the complaint, sufficiently show a cause of action on the part of the plaintiff.

The defendants Appelbaum have set up two defenses:

*First,* that after maturity of the bond and mortgage the plaintiff increased the rate of interest from five per cent to five and one-half per cent, and in consideration of such increase of interest extended the time of payment of the mortgage.

The defendants Appelbaum were not discharged from liability unless such extension was granted upon consideration. (*National Citizens' Bank* v. *Toplitz,* 178 N. Y. 464.)

After default in the mortgage, the plaintiff had the right to charge interest at the rate of six per cent. Such rate is determined not by the contract but by statute. (*Pryor* v. *City of Buffalo,* 197 N. Y. 123, 142.)

An extension of time given by plaintiff when the rate of interest was increased from five to five and one-half per cent was without consideration. (*Sands* v. *Gilleran,* 159 App. Div. 37; *Neukirch* v. *McHugh,* 165 id. 406.)

The facts alleged in the first defense are not sufficient to constitute a defense to this action.

The second defense is that the plaintiff was guilty of laches in not foreclosing the mortgage at a prior date and that as a consequence of its delay the property has depreciated in value. However, laches is a defense in an equitable action only when the relief demanded therein may be granted or refused in the discretion of the court. When the plaintiff has an absolute right to relief, laches is not a defense. (*Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113, 130.)

When there is a default in the payment of sums due upon a mortgage, the holder thereof has the right to foreclose the same. (*Graf* v. *Hope Building Corp.,* 254 N. Y. 1; *Albertina Realty Co.* v. *Rosbro Realty Corp.,* 258 id. 472.)

The facts alleged in the second defense are not sufficient to constitute a defense to this action.

Plaintiff's motion for summary judgment is granted.