SAMUEL ALKOFF, Plaintiff, *v.* JOSEPH B. MILLER, as Trustee, etc., Defendant.

Supreme Court, Special Term, Bronx County, December 8, 1937.

*Harry Fogler*, for the plaintiff.

*Albert W. Fribourg* [*Louis M. Fribourg* of counsel], for the defendant.

FRANKENTHALER, J. As pledgee of the second bond and mortgage, Anny Alkoff held the legal title thereto, and the pledgor, Gurian Realty Corporation, possessed only an equity of redemption. (*Matter of Gilbert*, 104 N. Y. 200, at pp. 208, 209, 211; *Sands* v. *Gilleran*, 159 App. Div. 37, 39. See, also, Jones on Collateral Securities [3d ed.], §§ 7, 143, 151, 152 and 153.) Had the pledgor defaulted upon its indebtedness prior to the time that the rights of the pledgee were cut off by the first mortgagee's foreclosure sale, she could have exercised the power of sale conferred upon her by the pledgor and transferred good title to the bond and mortgage, thereby cutting off the equity of redemption possessed by the pledgor. Although the foreclosure action instituted by the first mortgagee did not extinguish the indebtedness owing to Anny Alkoff from Gurian Realty Corporation or the bond secured by the second mortgage, it did have the effect of extinguishing her legal title to the mortgage itself, and she therefore had no mortgage to sell under the power of sale. The power of sale did not confer upon Anny Alkoff the right to sell the equity of redemption belonging to Gurian Realty Corporation. It merely empowered her, by selling legal title to the mortgage, to cut off said equity of redemption. It follows that the quitclaim deed and release obtained from Gurian Realty Corporation affected no rights of

Anny Alkoff and that the plaintiff, as purchaser from her, obtained no right to redeem from the first mortgage under section 46 of the Civil Practice Act.

The motion is granted in so far as it seeks summary judgment dismissing the complaint. It is accordingly unnecessary to consider the other branches of the motion. Settle order.