Frank Del Vecchio, J.
This is a proceeding, pursuant to article 78 of the Civil Practice Act, for an order directing-respondent, Treasurer of Onondaga County, to issue to petitioner a certificate redeeming property referred to as Lot No. 34, Block H, Orvilton Terrace Tract (formerly Lot No. 34 Genesee Terrace), Town of DeWitt, County of Onondaga, New York from certain taxes and tax deeds hereinafter described.
The facts which give rise to this proceeding are alleged in the petition as follows: On September 9, 1938 petitioner entered into a written contract with Figol Bealty Co. Inc., owner of the property in question, by which the latter agreed to convey the lot to petitioner upon demand and was relieved of responsibility for payment of any taxes which might become due on the lot after the date of the agreement.
*930 Taxes on the property were apparently paid until 1941 when an assessment of 57 cents was levied. Following nonpayment of that amount, the lot was sold by the County Treasurer to the .County of Onondaga in October, 1942.
About six months later, on March 3, 1943, petitioner entered upon active duty in the military service of the United States, and he has been continuously in such service up to and including the date of the institution of this proceeding.
On September 8, 1953 respondent executed a tax deed conveying the lot in question to the County of Onondaga for a consideration of $5.90, pursuant to the sale had in connection with the unpaid 1941 taxes, which deed was duly recorded. On that same date, the Board of Supervisors of Onondaga County, by resolution, accepted an offer by one David Grigson to purchase the County’s interest in the lot for $51.10. On September 18, 1953 a quitclaim deed to Grigson was executed pursuant to the afore-mentioned resolution, which deed was also recorded in the Onondaga County Clerk’s office.
On September 22, 1955 petitioner tended to respondent the sum of $59.44 and demanded a certificate of redemption covering the lot in question. Following respondent’s refusal of the tender and demand petitioner commenced this proceeding to compel issuance of the certificate sought.
The petition is based upon the claim that petitioner, as vendee under the contract described above, has such a substantial interest in the property as would entitle him to redeem, and that, in view of section 308 of the Military Law and the Federal Soldiers’ and Sailors’ Civil Belief Act (U. S. Code, tit. 50, Appendix, § 501 et seq.) which toll the running of the statutory time for redemption from tax sales during active service in the armed forces, his demand for a redemption certificate was within the period prescribed therefor by chapter 690 of the Laws of 1937.
Respondent’s answer raises four questions which must be considered in determining the present proceeding.
(1) Does the petitioner herein occupy a position such as to entitle him to seek redemption under chapter 690 of the Laws of 1937?
Respondent’s contention is that petitioner has no interest in the property in question and, accordingly, is no.t entitled to redeem. The statute in question provides that “ The owner, occupant or any other person ” [§ 8] may redeem property sold for unpaid taxes by complying with the procedure there prescribed. There is nothing in the statute to indicate that any particular interest in the realty must exist to create a right of *931 redemption. The question has been recently considered in Matter of Blatnicky v. Ciancimino (206 Misc. 916) which involved interpretation of the phrase quoted above as it appears in the general redemption provision contained in section 152 of the Tax Law. In that case the redemption had been made by two attorneys who, so far as appeared, were without any apparent interest in the property. Holding* the redemption valid, the court stated that, although a person without any title or interest in the realty may not redeem for himself or the benefit of one not having a title or interest, “ there can be no rational objection to redemption by a stranger as a volunteer for the benefit of the owner.” (P. 919.) After reviewing the history of the redemption statute and the changes in phraseology which had taken place, the court concluded: “ It is difficult to imagine any legislative purpose and intent other than to throw open to redemption by 1 any other person ’ without limitation the lands sold for taxes. By that, it does not necessarily follow that it was intended to allow a stranger to a title to redeem solely for his own benefit, but it is believed that the intention was to allow a stranger with or without authorization to redeem for the benefit of the owner or occupant and of himself to whatever extent his interest might then appear. If he had no interest, the redemption cancelled the sale and left the title in the owner or occupant where it had been theretofore. If he had any interest in the property, the redemption entitled him to proceed to protect any interest he had in the property and entitled the owner or occupant to take advantage of the redemption, whether the redeemer had an interest or not.” (Pp. 920-921.)
The reasoning and the conclusion reached in the Blatnichy case seem to present adequate grounds for holding that the petitioner in the proceeding at bar is a proper person to demand redemption of the property in question.
It is not necessary, however, to base this decision on the Blatnichy case alone. The papers presented in support of the application indicate that petitioner has at least an apparent interest in the realty arising from the executory contract of September 9, 1938.
Respondent argues that a reference in the contract to the vendee as the owner of a mortgage against the lot establishes that petitioner’s father — who held such a mortgage at that time — and not petitioner was the vendee under the contract. He also claims that petitioner’s interest, if any, under the contract has been rendered null and void by the recording of the' tax deed executed to David Grigson, relying upon section 294 of the Real Property Law which makes invalid any *932 unrecorded executory contract as against a subsequent purchaser in good faith and for valuable consideration from the same vendor whose instrument is first recorded.
The arguments thus presented are such as might properly be raised in an action attacking petitioner’s rights under the written contract. However, they involve certain preliminary factual findings which, if he desired, petitioner might put at issue and which might become the subject of conflicting evidence. In those circumstances, certainly it cannot be said that petitioner is altogether without an interest in the subject property. Bearing in mind the broad language of section 690, this court is of the opinion that petitioner is a proper party to seek redemption.
(2) Does section 308 of the Military Law — the tolling statute — apply to a proceeding for the redemption of a vacant lot such as is here involved?
In support of his claim that the provision of the Military Law relied on by petitioner is not applicable to the present application — for redemption of vacant land — respondent points to section 314 of the Military Law which extends to servicemen certain rights regarding taxes on real property, including a right of redemption from tax sales. The section is made applicable only to taxes on real property “ owned and occupied for dwelling, agricultural, or business purposes by a person in military service, or his dependents ”. Respondent argues that these same limitations exist with regard to redemptions to which the tolling provisions of section 308 may be applied.
That the argument is without merit has been settled by the United States Supreme Court in Le Maistre v. Leffers (333 U. S. 1). In considering the two sections of the Federal Soldiers’ and Sailors’ Civil Relief Act which are substantially identical to sections 308 and 314 of the Military Law, and after which the latter statutes were patterned, the Supreme Court (p. 5) held that the provisions “ supplement each other ” and that the tolling statute is not limited in application to the types of property described in the more specific section relating to taxes, but applies with equal effect to vacant and improved property.
(3) Are the provisions of section 308 of the Military Law available to petitioner?
Respondent claims that inasmuch as petitioner is apparently a “ career ” military man, having continued in service since 1943, he should not be entitled to take advantage of the protective statute ‘ ‘ passed solely for the purpose of assisting *933 in national defense as well as provide the citizens and residents of our State with an opportunity to freely devote their entire energy and effort to the defense needs of our Nation and the State
Conceding that the purpose of the legislation was as stated by respondent, it does not follow that petitioner should necessarily be deprived of its benefits. The definition of ‘ ‘ military service ’ ’ contained in the statute is broad: it “ means duty by any person, male or female, in the active military service of the United States ”. (Military Law, § 301.) Moreover, it appears that petitioner in fact entered military service in March 1943 at the height of the emergency which gave rise to the Soldiers’ and Sailors’ Civil Relief Act. Since he was unquestionably then among the class of persons for whose benefit the statute was adopted, this court is unwilling to say that he is now to be deprived of its assistance merely because he has chosen to continue in the service of the Nation during the years which have followed.
(4) Is petitioner barred by laches from maintaining this proceeding?
It has long been the rule that the plea of laches is an equitable defense which is available only in those actions where the relief demanded may be granted or refused in the discretion of the court, and not where plaintiff’s claim is based on an absolute right to relief. (Pollitz v. Wabash R. R. Co., 207 N. Y. 113, 130; Monroe County Sav. Bank v. Baker, 147 Misc. 522.) Whether that principle has been altered by section 262 of the Civil Practice Act (see, Bata v. Bata, 279 App. Div. 182) is not necessary to decide. Assuming that laches is properly pleaded in this proceeding, the papers before the court are not sufficient to establish that defense.
As has been noted above, petitioner has been continuously in military service since a date only six months subsequent to the original sale for unpaid taxes. It may be assumed that, during the period of service, petitioner’s time and movements have been somewhat restricted; indeed the verification appearing on the petition indicates that even at the present time he is away from his residence on military duty.
Moreover, it has been said that laches is not mere delay, ‘ ‘ but delay that works disadvantage or injury ”. (Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123, 125.) It does not appear that respondent has suffered any serious disadvantage as a result of the delay in the attempted redemption. Nor has the purchaser Grigson sustained any change of position or injury for which he will not be compensated. The property *934 in question has been and continues to be an unimproved lot. As to the sum of 451.10 expended by G-rigson for the quitclaim deed from the county, presumably that amount will be refunded to him so that he will be restored to his original position.
Respondent has also argued in opposition to this application that if the relief requested should be granted the petitioner would be depriving a bona fide purchaser for value of property without due process of law. However, the right of redemption and the tolling of the limitation, relied on by petitioner, are the subjects of express statutory provision. The proceeding before the court is the method prescribed by the Civil Practice Act to compel performance of a duty enjoined upon a public officer by law. The purchaser Grigson, acquiring title as he did through a tax sale, must be presumed to have known of the statutory provisions incidental to a tax title.
It is the conclusion of this court that petitioner’s time to redeem had not expired on September 22, 1955 when the tender and demand for redemption were made, and that respondent was required to issue the certificate specified in section 8 of chapter 690 of the Laws of 1937.
The application is granted and respondent is directed to issue the appropriate certificate of redemption to petitioner, Oliver D. Burden, Jr.
Order accordingly.