A. Franklin Mahoney, J.
Plaintiff moves for summary judgment of foreclosure and sale of certain piece of realty upon the ground that the defendant is in default of principal payments on a bond ¡covering the premises, dated September ¡24, 1970, which bond is secured by a mortgage duly recorded in the office of the Albany ¡County ¡Clerk on September 25, 1970.
The bond is in the amount of $13,000 and states: “ The total of said principal sum to become due when the obligors sell their home in Ridge Park, New Jersey, on or before November 1, 1972 whichever shall first occur. The obligee agrees to extend the time for payment of this obligation for an additional two-year period or until ¡November 1,1974 provided the obligors have not been successful in selling their home prior to November 1,1972 and provided written notice of their intention to apply for an extension of time as aforesaid be given to obligee with the payment of interest due October 1, 1972 ”. The defendant obligor did not sell his home in 'New Jersey; he did not pay the principal on ¡or before November 1, 1972 and he did not give the plaintiff obligee written notice of his intention to apply for an extension of time. To date, the principal sum of the bond remains unpaid.
Defendant’s answer contains an affirmative defense wherein it is stated: (a) ¡that the plaintiff failed to serve a notice and demand required by paragraph 1 ‘ eighth ’ ’ .of ithe mortgage and subdivision 8 of section 254 of the Real Property Law, (b) that the payment of interest by the defendant, which was accepted by the .plaintiff, created an equitable estoppel and (c) that the time for payment was extended by the plaintiff.
Subdivision 8 of section 254 of the Real Property Law does not require that mortgage agreements contain a ¡requirement that a written notice and demand be given mortgagors before foreclosure actions can be commenced. The cited section only provides that when the mortgage instrument contains a covenant ‘1 that notice and demand or request may be made in writing and may be served in person or by mail ”, it shall be construed as meaning that every provision for notice and demand or *290 request shall he deemed fulfilled if .served personally on the person holding title to the subject premises or if mailed to such person in a postpaid envelope properly addressed. The subject mortgage contains no such provision and the general rule, in the absence of a statute or mortgage stipulation so providing, is 'that it is not essential that a demand for payment be made before commencement of an action for foreclosure of a mortgage (55 Am. Jur. 2d, Mortgages, § 555).
Next, the payment .by defendant and acceptance by plaintiff of interest did not create an equitable estoppel to this foreclosure action. Foreclosure of a mortgage must be in compliance with the terms of the contract. An action to foreclose a mortgage for nonpayment of interest cannot be maintained when the mortgage contains no provision for the foreclosure upon such nonpayment., In this case, the parties agreed that the principal sum shall become due at the option of the mortgagee after default in the payment of any installment of principal or of interest. The payment of accumulated interest does not prevent the mortgagee from foreclosing for nonpayment of principal.
Lastly, consideration must be given to that portion of the affirmative defense that alleges plaintiff extended the time for payment of the principal sum. The obligor did not sell his home in New Jersey ¡and he did not give written notice of his intention to apply for an extension of time to pay the principal sum, by October 1,1972 as provided for in the bond and in the separate mortgage instrument. The defendant, however, contends that the mortgagee’s conduct, as particularized in a handwritten letter, hereinafter referred to, from the plaintiff and his wife to the defendant, created an equitable estoppel to foreclosure or, in the alternative, constituted a waiver of performance, and, therefore, plaintiff should not now be permitted to accelerate the payment of the whole sum. In early 1971 the defendant had a serious brain operation .and was confined to a hospital from April 3, 1971 to May 12, 1971 and, thereafter, to a rehabilitation center until June 15, 1971. As a result of this illness, the defendant is still under psychiatric care. While the defendant was hospitalized, and in response to an inquiry from his wife, the plaintiff wrote a letter to the defendant wherein he computed the interest due on the mortgage as of July 1, 1971 and stated: “I know what expenses you must be having, so please don’t feel obligated to send it '(i.e., the accrued interest on the $13,000.00 bond and mortgage) until you get things straightened out”. The defendant contends that this letter, together witfy other verbal assurances that payment was not required, which. *291 the plaintiff denies, is tantamount to unconscionable conduct on the part of the plaintiff mortgagee and should operate to deny summary judgment of foreclosure and sale.
Where a default is fairly enforced by a mortgagee, mere improvidence or neglect or poverty or illness is not sufficient basis for relief in equity from foreclosure under a mortgage acceleration clause. A mortgagee may be ungenerous, perhaps even uncharitable, but generosity and charity are voluntary attributes and cannot be enforced by the court. Under the facts in the instant case, the defendant mortgagor had until October 1, 1972 to apply, in writing, for an extension of time. While it is true that the nature of his illness, which required hospitalization in early 1971, would put all things, including mortgage obligations, out of mind, it is equally true that the mortgagee waited until September of 1973, three years after the date of the bond and mortgage, before he received any payment or interest. To date, the defendant has not made any offer or tender with respect to the principal, he being in default thereon for a period of one year prior to the commencement of the action for foreclosure. If the defendant had made a tender of the amount due on the mortgage, when he made the tender of accumulated interest in September of 1973, it would have constituted a valid defense to the foreclosure action, having been made before the action was commenced. In the case at bar, the defendant made no valid tender of the amount due, makes none now and does not allege that he is presently willing and able to pay.
Accordingly, though plaintiff’s conduct may appear to the defendant to be harsh, the court has no alternative, in the absence of a tender of payment of the principal sum due, than to grant the summary relief requested. Moreover, the laches of the plaintiff in bringing this action to foreclose, approximately one year after default, is not an equitable defense under the facts of this case. Laches sounds in estoppel and only becomes available when the failure to assert the right has given rise to circumstances rendering it inequitable to permit the exercise of the right after a long lapse of time. As a general rule, the possessor of a cause of action may bring an action upon it at any time within the period prescribed by the Statute of Limitations for such an action. However, mortgage foreclosure, being equitable in nature, may be denied, even within such period, if it appears that an unreasonable delay has misled the mortgagor. Such is not the case herein. The motion is granted.