■ First Federal Savings and Loan Association of Rochester, Appellant, v Henry J. Capalongo, Jr., et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Ellison, J.), entered November 2, 1988 in Tompkins County, which denied plaintiff's motion for summary judgment.

Plaintiff holds a mortgage on two parcels of property in Tompkins County, one owned by both defendants, their residence, and the other, residential income property, owned by defendant Sophie E. Capalongo (hereinafter defendant) individually, as security for $50,000 which defendants borrowed in 1972 to purchase these properties. The sixth covenant of the mortgage provides, in pertinent part: "in the event of any default in the payment of any monthly installment for 30 days, all rents and profits from the premises hereby mortgaged are hereby assigned to the holder of this mortgage as further security for the payment of said indebtedness."

In July 1984, defendant filed a petition in bankruptcy under 11 USC chapter 7. The following month defendants fell into default on their mortgage installments. Defendants repeatedly requested that plaintiff exercise its option under the sixth covenant to directly collect the rent from the income property, but to no avail. Additionally, defendants moved in Bankruptcy Court for an order requiring that the rental income be applied toward their debt to plaintiff. Bankruptcy Court denied the motion, purportedly without prejudice to a similar motion if brought by plaintiff, and in its order of January 15, 1985 directed that the rents collected subsequent to the filing of the bankruptcy petition be paid over to the bankruptcy trustee.

At the time of the motion, the outstanding balance on the bond secured by plaintiff's mortgage was approximately $38,000, while the fair market value of the income property was said to be $49,500.

In December 1985, plaintiff moved in Bankruptcy Court for relief from the automatic stay provisions so that it could commence a foreclosure action on defendants' parcels. That motion was granted but the order to be entered thereon was not submitted to Bankruptcy Court until November 1986. In April 1987, the bankruptcy trustee abandoned the subject parcels. Also that month, plaintiff finally initiated the instant foreclosure action. In their answer defendants asserted, *inter alia,* the affirmative defense of laches. In the interim, the income property had fallen into disrepair and become unsafe to occupy to the point that the City of Ithaca Building Department ordered it boarded up.

Plaintiff appeals from Supreme Court's denial of its motion for summary judgment. In response, defendants argue that factual issues remain regarding their laches defense.

The applicable case law of New York, though seemingly unevenly applied, appears to be that if brought within the limitations period for the commencement of suit, the doctrine of laches is no defense to a foreclosure action *(Wesselman v Engel Co.,* 309 NY 27, 32 [Dye, J., dissenting]*; *Monroe County Sav. Bank v Baker,* 147 Misc 522, 523; *see also, Kings County Trust Co. v Derx,* 237 App Div 548, 551; *cf., National Sav. Bank v Fermac Corp.,* 241 App Div 204, 207, *affd* 266 NY 443; *contra, Inland Credit Corp. v Gold,* 87 AD2d 753, 754, *lv denied* 57 NY2d 608; *Verna v O'Brien,* 78 Misc 2d 288, 291). But even if the defense were available here, plaintiff would still be entitled to summary judgment for defendants have not demonstrated, or for that matter alleged, that they changed their position or failed to take some action as a result of the delay to their prejudice *(see, Orange & Rockland Utils. v Philwold Estates,* 70 AD2d 338, 343, *mod on other grounds* 52 NY2d 253, 260-261).

Although defendants' argument is couched in terms of laches, what is really being urged is that plaintiff acted unconscionably or in bad faith, which is a cognizable defense to a foreclosure action *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183, citing *Ferlazzo v*

---

* The majority in *Wesselman v Engel Co.* (309 NY 27, 29) explicitly endorsed Judge Dye's dissent in part except for a conclusion of law that is not relevant here.

*Riley,* 278 NY 289, 292). However, defendants' allegations fail to make a prima facie case for this defense. The sixth mortgage covenant merely furnished plaintiff with "further security"; it did not obligate plaintiff to prevent default by intercepting rental income on its way to satisfy defendants' other creditors, especially when the mortgaged properties provided quite sufficient collateral for the balance due *(see, Kings County Trust Co. v Derx, supra).* Furthermore, the fact that depreciation or waste occurred during the delay cannot be attributed to plaintiff, for the properties were in the possession and ownership of defendants and the bankruptcy trustee during this period *(cf., Aetna Life Ins. Co. v Avalon Orchards,* 118 AD2d 297, 299, *appeal dismissed* 68 NY2d 997).

Order reversed, on the law, without costs, motion granted and summary judgment awarded to plaintiff. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.