■ MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Respondent, v DISTRICT 65—UAW et al., Defendants, and 65 CREDIT UNION et al., Appellants. [612 NYS2d 2] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 26, 1993, insofar as it summarily awarded $61,478.40 as against defendants 65 Credit Union and 65 Security Plan Pension Fund, inter alia, unanimously reversed, on the law, without costs, and the matter is remanded for further proceedings consistent herewith.

Plaintiff provided medical malpractice liability insurance to District 65—UAW, for a Dental Center, in 1985-86. Premiums were to be based upon the number of estimated outpatient visits, as adjusted by an additional stabilization fund charge. The policy underwent two annual renewals, and at the end of three years there remained a premium balance of $40,795. Plaintiff sued for those premiums in 1989, and thereafter obtained a judgment on liability. Before damages could be assessed, the Dental Center and its union local filed for bankruptcy protection. Plaintiff then commenced the instant action, seeking to recover the unpaid premiums from the Security Plan Pension Fund and the Credit Union, inter alia.

Those two defendants appeal from a joint and several award granted on summary judgment.

The Pension Fund insists it has nothing to do with health benefits. It is devoted exclusively to providing retirement benefits, and it is prohibited by law from diverting assets to health benefits. The Credit Union likewise states it had nothing to do with operation of the Dental Center. Those defendants maintain that plaintiff added them as parties out of frustration for its inability to collect the claimed premiums from the Dental Center itself. There was no evidence in this record that either of these defendants had any interest in the operation of the Dental Center. Indeed, plaintiff has failed to identify any insurable interest either might have had in the Dental Center. Without such an identification of interest, mutuality of consideration is lacking, and these parties should not have been held summarily liable for the insurance premiums (69 NY Jur 2d, Insurance, § 923, citing *Standard Acc. Ins. Co. v Fischel,* 163 NYS 92 [App Term, 1st Dept]; *see also, Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, *affd* 49 NY2d 924).

Furthermore, the insurance policies were signed, on behalf of the insured, only by the administrator of the Dental Center, without any apparent authority to do so on behalf of the Credit Union and the Pension Fund. At the very least, a triable issue of fact is raised as to whether the Pension Fund and the Credit Union ever cloaked the Dental Center administrator with authority to bind them under such a policy *(Ford v Unity Hosp.,* 32 NY2d 464, 472-473; *Legal Aid Socy. v Economic Opportunity Commn.,* 132 AD2d 113; *see, Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827). The IAS Court's effort to overcome this lack of apparent authority on the ground of defendants' laches ignored plaintiff's burden of showing either prejudice by reason of the delay *(First Fed. Sav. & Loan Assn. v Capalongo,* 152 AD2d 833, 834, *lv dismissed* 74 NY2d 945), or at least these defendants' knowledge of the existence of a policy allegedly secured for their benefit *(see, Matter of Barabash,* 31 NY2d 76, 81-82).

Since summary judgment against the appealing defendants 65 Credit Union and 65 Security Plan Pension Fund must be reversed the liability of these defendants upon the bond posted by them in connection with the appeal is discharged. All issues with respect to the liability of non-appealing defendants Peoples Realty Corp. and District 65 Security Plan are referred for determination at the plenary trial directed herein, the issue or issues to be framed as the trial court shall

determine, with leave to surety, National Union Fire Insurance of Pittsburgh, to intervene as it may be advised. Until final determination by the trial court, plaintiff is stayed from seeking any recovery upon said appeal bond. Concur—Sullivan, J. P., Wallach, Ross, Asch and Tom, JJ. [As amended by unpublished order entered July 21, 1994.]