■ Steven D. Sweet, Respondent, v State Farm Mutual Automobile Insurance Company, Appellant. [636 NYS2d 196] —White, J. Appeal from an order of the Supreme Court (Harris, J.), entered August 15, 1994 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Robert Wein sustained serious personal injuries in an automobile accident that occurred on July 4, 1987 in the Town of Brunswick, Rensselaer County, when his vehicle was struck by a 1974 Ford Pinto automobile driven by plaintiff. In November 1988, Wein commenced a negligence action against Cheryl Frazier, the purported owner of the Ford Pinto, and plaintiff. Defendant, Frazier's automobile liability insurer, provided her with a defense in the Wein action but refused to do so for plaintiff, requiring him to retain counsel at his own expense.

At the conclusion of the trial of the Wein action, plaintiff commenced this action to recover his legal expenses from defendant, contending that it had wrongly refused to provide him with a defense. Following joinder of issue, both plaintiff and defendant moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendant's cross motion, prompting this appeal.

Our review of the record leads to the conclusion that defendant had a duty to defend plaintiff under the circumstances presented here. An insurer's duty is broad, exceeding its duty to indemnify (*see, Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 8; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310). The existence of such duty is triggered whenever the allegations of the complaint fall within the scope of the risks undertaken by the insurer, i.e., the issue of whether the insurer has a duty to defend can be determined by comparing the allegations made in the complaint to the terms of the insurance policy (*see, Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302; *Zurich-American Ins. Cos. v Atlantic Mut. Ins. Cos.*, 139 AD2d 379, 384, *affd* 74 NY2d 621). Here, Wein's complaint included allegations that the Pinto was owned by Frazier and driven by plaintiff with Frazier's permission at the time of the accident. The policy issued by defendant provides in Part A, entitled "Liability Coverage", that the insurer will settle or defend any claim against an "insured", defining that term as "any person using your covered auto". Comparing the allegations in Wein's complaint to the terms of defendant's policy, it is apparent that defendant had an obligation to defend plaintiff against Wein's action. So long as "the claim is within the embrace of the policy", the insurer's duty to provide a defense against it has been triggered (*Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670).

Defendant nevertheless contends that its obligation to defend was avoided by plaintiff's failure to cooperate and to notify it of the accident. The argument based on plaintiff's alleged fail-

ure to cooperate lacks substance as there is no proof that defendant sought his cooperation and that he deliberately failed to cooperate (see, *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168; *Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp.*, 212 AD2d 419, 420, *lv denied* 86 NY2d 707). Defendant's claim regarding lack of notice is also meritless since it is apparent that Frazier, its insured, provided the required notice inasmuch as defendant did not disclaim coverage against her on such ground.

Finally, predicated upon the fact that plaintiff did not ask defendant to provide him with a defense until the eve of trial of the Wein action, some five years after it was commenced, defendant maintains that this action is barred by laches. We disagree. Assuming, arguendo, that the defense of laches is available here, defendant failed to establish it for there is no evidentiary proof in the record showing that defendant changed its position or failed to take some action as the result of plaintiff's delay (see, *First Fed. Sav. & Loan Assn. v Capalongo*, 152 AD2d 833, 834, *lv dismissed* 74 NY2d 945).

For these reasons, we affirm Supreme Court's order granting summary judgment to plaintiff.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.