■ HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, Respondent, v 335 OSER AVENUE ASSOCIATES et al., Appellants, et al., Defendants. [637 NYS2d 201] —In an action to foreclose a mortgage, the defendants 335 Oser Avenue Associ-

ates, Ascot Imports, Inc., Amarjit Singh Bhalla, and Harjit Singh Bhalla appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered November 28, 1994, as, upon an order of the same court dated May 16, 1994, granting the plaintiff's motion for summary judgment, directed that the plaintiff recover from the appellants a deficiency judgment following the foreclosure sale. The plaintiff's notice of appeal from the order dated May 16, 1994, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In light of the affidavits submitted in opposition to the plaintiff's motion for summary judgment, the Supreme Court properly directed a hearing on the affirmative defense of release (see, CPLR 3212 [c], [e]; 3211 [a] [5]). Moreover, the Supreme Court properly exercised its discretion by narrowing the scope of the hearing to whether the principle of estoppel or waiver precluded the plaintiff from seeking a deficiency judgment and enforcement of the personal guarantees in this case (see, CPLR 3212 [g]). Finally, since the written evidence does not support the appellants' claims regarding either waiver or estoppel, the Supreme Court properly found that the plaintiff was not prevented from enforcing the guarantees and seeking a deficiency judgment (see, e.g., Werking v Amity Estates, 2 NY2d 43, 52; Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68, 81-82; cf., Kings County Trust Co. v Derx, 237 App Div 548, 550; Witherell v Kelly, 195 App Div 227). Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.